JS-6 – O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5785 AHM (FFMx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | JUAN CARLOS ORTIZ v. T.D. SERVICES COMPANY OF ARIZONA d/b/a TD SERVICE COMPANY et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

In this action originally filed in Los Angeles County Superior Court and subsequently removed to this Court, Plaintiff Juan Carlos Ortiz ("Ortiz" or "Plaintiff") has alleged five causes of action against Defendants Lime Financial Services, Ltd., Barclay's Capital Real Estate Inc. d/b/a HomeQ Servicing, U.S. Bank National Association as Trustee ("U.S. Bank"), and T.D. Service Company of Arizona d/b/a TD Service Company, arising out of a mortgage transaction that was closed on January 2, 2007.  Plaintiff's First Amended Complaint ("FAC") alleges violations of the Truth in Lending Act ("TILA") (15 U.S.C. § 1601 *et seq*.), the Foreign Language Contract Act (Cal. Civ. Code § 1632 *et seq*.), the California Residential Mortgage Lending Act ("CRMLA") (Cal. Fin. Code § 50000 *et seq*.), Cal. Civ. Code § 2923.5, and Cal. Bus. & Prof. Code § 17200 *et seq*.  Defendant U.S. Bank now moves to dismiss all claims pursuant to Rule 12(b)(6).

For the foregoing reasons, Defendant's Motion to Dismiss and Motion to Strike are GRANTED[1] and Plaintiff's claims are dismissed without prejudice.

### A.     Defendant's Claim for Damages Under the Truth in Lending Act is Time-Barred

In his opposition, Plaintiff stipulates that he is not seeking rescission under TILA.

---

[1] Docket Nos. 14 and 15

JS-6 – O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5785 AHM (FFMx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | JUAN CARLOS ORTIZ v. T.D. SERVICES COMPANY OF ARIZONA d/b/a TD SERVICE COMPANY et al. | | |

Opp'n. at 2.  Plaintiff's claim for damages under TILA fails because it is barred by the applicable statute of limitations.  The "recoupment exception" upon which Plaintiff relies in his FAC and opposition applies only to recoupment or set-off claims that are asserted as a defense to an "action to collect debt." 15 U.S.C. § 1640(e).  Non-judicial foreclosures are not "action[s] to collect debt" within the meaning of the statute.  *See Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159 (S.D. Cal. 2009) (noting that "non-judicial foreclosures are not 'actions' as contemplated by TILA," and rejecting assertion of recoupment exception where defendant bank had not initiated any judicial proceedings to collect on the debt).  Plaintiff's affirmative use of the recoupment claim is thus improper, and Plaintiff's first claim under TILA is dismissed with prejudice.

### B.    None of Plaintiff's Remaining Allegations States a Claim Under Federal Law

Plaintiff refers to only one other violation of federal law.  This allegation – for violation of the Real Estate Settlement Procedures Act ("RESPA") – is incorporated into two of Plaintiff's other state law claims.  Specifically, in his third claim for violations of the California Residential Mortgage Lending Act ("CRMLA"), Cal. Fin. Code § 50000 *et seq.*, Plaintiff alleges that "Defendants failed to properly and timely provide him with the RESPA good faith estimate of settlement costs[.]" FAC ¶ 39.  In addition, Plaintiff's fifth claim under Cal. Bus. & Prof. Code § 17200 *et seq.* states that Defendants violated RESPA by failing to provide him with a good faith estimate.  FAC ¶ 12, 15, 51.  RESPA does not provide a private remedy for failure to provide the required Good Faith Estimate under 12 U.S.C. § 2604(c), and a RESPA claim to that effect would have to be dismissed.  *See Collins v. FMHA-USDA* , 105 F.3d 1366, 1368 (11th Cir. 1997) ("[W]e hold that . . . there is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it.")*; Smith v. Chase Mortg. Credit Group*, --- F. Supp. 2d ----, 2009 WL 2905752 * 8 (E.D. Cal. 2009) ("Congress intended to bar private enforcement for failure to provide a [good faith estimate] under 24 C.F.R. § 3500.7(b)(1).").

/ / /

**JS-6** – O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5785 AHM (FFMx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | JUAN CARLOS ORTIZ v. T.D. SERVICES COMPANY OF ARIZONA d/b/a TD SERVICE COMPANY et al. | | |

    Thus, only pendent state law claims remain. The original basis for subject matter jurisdiction has been destroyed. Pursuant to 28 U.S.C. 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state law claims and *sua sponte* dismisses the remaining claims and remands them to Los Angeles County Superior Court.

                                                                                                               :

Initials of Preparer            SMO

**JS-6**